1  KATE S. LEHRMAN [Bar No. 123050]
   klehrman@lehrmanlawgroup.com
2  DANIEL R. VILLEGAS [Bar No. 159935]
   dvillegas@lehrmanlawgroup.com
3  ANDREW STEFATOS [Bar No. 306697]
4  astefatos@lehrmanlawgroup.com
   LEHRMAN LAW GROUP
5  12121 Wilshire Boulevard
   Suite 1300
6  Los Angeles, CA  90025
7  (310) 917-4500
   (310) 917-5677 (FAX)
8
9  Attorneys for Defendants
   BMW OF NORTH AMERICA, LLC and
10 MCKENNA MOTOR COMPANY, INC.,
   d/b/a MCKENNA BMW
11

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENA GODINEZ, | Case No. 2:17-cv-05072-ODW-RAO |
| Plaintiff, | [Filed:  April 18, 2017] |
| | [Removed:  July 10, 2017] |
| v. | Hon. Otis D. Wright, II |
| | Courtroom 5D |
| BMW OF NORTH AMERICA, LLC, a Delaware Limited Liability Company, MCKENNA MOTOR COMPANY, INC., d/b/a MCKENNA BMW, and DOES 1 through 10, inclusive, | **TRIAL BRIEF OF DEFENDANT BMW OF NORTH AMERICA, LLC'S RE REPAIRS PERFORMED FOLLOWING THE EXPIRATION OF THE MANUFACTURER WARRANTY** |
| Defendants. | |
| | DISCOVERY CUT-OFF:  05/02/18 |
| | MOTION CUT-OFF:  09/17/18 |
| | TRIAL DATE:  NONE |

///

///

# I.

# **INTRODUCTION**

This is a "Lemon Law" action for breach of the implied warranty of merchantability and breach of express warranty under the Song-Beverly Consumer Warranty Act, California Civil Code section 1790 et seq. (Song-Beverly).

Plaintiff Lorena Godinez bought a new 2010 BMW 328is from McKenna BMW on December 31, 2009. The vehicle's 4-year/50,000 mile-New Vehicle Limited Warranty expired by passage of time as of December 31, 2013. The vehicle was also subject to the implied warranty of merchantability, which, under California Civil Code § 1791.1€ expired as of December 31, 2010. As of January 7, 2019, plaintiff had driven 86,456 miles.

BMW NA's new vehicle limited warranty is valid for 4 years/50,000 miles. Various federal and California regulations require BMW NA to offer emission control warranties on certain vehicles. For example, pursuant to the Federal Emissions System Defect Warranty and the California Emissions Control System Limited Warranty, BMW is required to offer performance and defect warranties for periods ranging from 3 years/50,000 miles to 8 years/800,000 miles.

Five of plaintiff's exhibits (Nos. 19, 20, 22, 25, and 60) purportedly pertain to repairs performed that were covered by emission warranties. While these exhibits should be barred based on the Court's rulings on Defendant's Motion in Limine No. 2 (excluding evidence or argument regarding any alleged defects after expiration of the new vehicle limited warranty as of December 31,2013) and Motion in Limine No. 3 (excluding evidence or argument regarding any alleged defects that were never presented for repair or were only subject to one repair attempt), they should also be barred these emissions warranties do not fall within the purview of Song-Beverly.

///
///

## II.

## DISCUSSION

**A.  Background on Federal and California Emissions Warranties**

There are a number of Federal and California laws that require vehicle manufacturers such as BMW NA to provide emissions warranties. For example, section 207(b) of the Clean Air Act requires BMW NA to warrant to purchasers of BMW vehicles that the vehicle was designed, built and equipped to conform with the regulations of the Environmental Protection Agency and that it is free from defects in materials and workmanship that would cause it to fail to conform to applicable regulations for a period of 2 years or 24,000 miles, whichever occurs first. It also requires BMW NA to warrant certain emission control related components for 8 years or 80,000 miles, whichever occurs first.

Similarly, 13 CCR §2018(b) and §§ 2037(b)(1) and (2) require BMW NA to warrant for a period of three years or 50,000 miles, whichever occurs first, that a vehicle or engine (1) is designed built, and equipped so as to conform with all applicable regulations adopted by the Air Resources Board; and (2) will pass a Smog Check inspection. Pursuant to 13 CCR § 2037(b)(3), BMW NA is also required to warrant that certain emission control components are free from defects in materials and workmanship for a period of seven years or 70,000 miles, whichever occurs first.

**B.  The Song-Beverly Act Does Not Cover Emissions Warranties**

A plaintiff pursuing a claim under Song-Beverly must prove that (1) the vehicle had a nonconformity covered by an express warranty that substantially impaired the use, value or safety of the vehicle; (2) the vehicle was presented to an authorized representative of the manufacturer of the vehicle for repair; and (3) the manufacturer or his representative did not repair the nonconformity after a reasonable number of repair attempts. *Oregel v. American Isuzu Motors, Inc.*, 90 Cal. App. 4th 1094, 1101 (2001). Song-Beverly defines "express warranty" as "a

written statement arising out of a sale to the consumer of a consumer good pursuant to which the manufacturer, distributor, or retailer undertakes to preserve or maintain the utility or performance of the consumer good or provide compensation if there is a failure in utility or performance." Cal. Civ. Code. § 1791.2(a)(1). The use of the term "undertakes" implies that a manufacturer must voluntarily provide a warranty in order for that warranty to fall within the purview of Song-Beverly.

There is considerable evidence that the legislature intended for Song-Beverly to apply only to those warranties that the manufacturer voluntarily provides to consumers.  The language of the California emissions warranty statute is clear that a manufacturer is required only to repair or replace the component or part in question, rather than replacing or repurchasing the vehicle.  See, 13 CCR §§2037(d)(1) and 2038€  The more specific language of the California emissions warranty statute should trump any requirement in Song-Beverly that might be construed to permit a plaintiff to take advantage of the provisions of the Act in connection with an Emissions Warranty. *Bishop v. Hyundai Motor America*, (1996) 44 Cal.App.4th 750, 757.

In other words, the Legislature intended that the provisions of Song-Beverly would only apply to a particular transaction if the manufacturer of the goods in question voluntarily elected to provide a warranty in order to promote its products. BMW NA did not "choose" or elect to provide the Emissions Warranties.  Instead, it (and all other vehicle manufacturers) were required by law to do so.  The provisions of Song-Beverly should not apply to Emissions Warranties.

**C.    Any Song-Beverly Warranty Claims Based on the Federal Emissions Warranty is Preempted by the Clean Air Act**

To the extent that Plaintiff is seeking to rely on the Federal Emissions Warranty for purposes of alleging a Song-Beverly claim, any such claim is preempted by the Clean Air Act. *In Re Chrysler-Dodge-Jeep Ecodiesel Marketing*

*Sales Practices, and Products Liability Litigation*, 295 F.Supp.3d 2018 (N.D. Cal. 2018); *see also, In re Caterpillar, Inc.*, 2015 WL 4591236 (D.N.J. 2015). In *In Re Chrysler*, the plaintiff truck buyers asserted products liability claims against the defendants arising from the defendants' concealment of the fact that they installed devices in vehicles that reduced the effectiveness of their emissions control system. Among other things, the plaintiffs alleged various claims for breach of express and implied warranty that were based on federal emission control warranties. The court granted the defendants' motion to dismiss the express warranty claims on preemption grounds finding as follows:

> Plaintiffs argue that, in the instant case, the warranties were voluntarily adopted and therefore their warranty claims are really based on contract. But that argument has no force for the express warranty claim because that claim is based on a "Performance Warranty" and a "Defect Warranty," both of which – as alleged in the FAC – are required by federal law.

*In re Chrysler*, 295 F.Supp. at 1025.

The court also dismissed the implied warranty claims:

> As for the implied warranty claims, Plaintiffs' voluntariness argument is irrelevant because the voluntariness question applies to express warranties only. In other words, a defendant can voluntarily adopt only an express warranty. Implied warranties obtain irrespective of a defendant's volition. The problem for Plaintiffs is that their implied warranty claims are entirely predicated on compliance with federal emissions standards (EPA or CARB). Breach of the implied warranty is synonymous with violation of federal emissions standards, and thus, this amounts to direct enforce of federal emissions standards preempted by the CAA.

*Id*. At 1025-26.

As in *In Re Chrysler*, to the extent that Plaintiff bases her express or implied warranty claims against BMW NA on the federal emissions warranty, such claims are preempted by the Clean Air Act.

///

///

### D. To The Extent That Song-Beverly Applies To The Emissions Warranties, Those Warranties Extend Only To The Parts And Systems Covered By The Warranties

The California emissions warranty is distinct from the bumper to bumper warranty in that the California emissions warranty covers only certain components of the vehicle, whereas the bumper to bumper warranty covers all the vehicle's components. As a result, a plaintiff that asserts a claim for violations of Song-Beverly based on the bumper to bumper warranty need not prove what caused the defect, only that there was a defect. *Oregel*, 90 Cal. App. 4th at 1102 n.8.

If, however, a plaintiff relies on the Emissions Warranties in an effort to extend the statute of limitations, then he or she must prove that the components that the Emissions Warranties cover are defective. *Gray v. BMW of North America LLC*, 22 F.Supp.3d 373 (D.N.J. 2014); *Larsen v. Nissan N. Am.*, A121838, 2009 Cal. App. Unpub. LEXIS 5094, 2009 WL 1766797 (Cal. Ct. App. 2009); *Yi v. BMW of North America, LLC*, No. 2:17-CV-06467-SVW, 2018 WL 3359016 (C.D. Cal. 2018). Furthermore, in most instances, the plaintiff will be required to prove this fact through the introduction of expert testimony. *Yi*, at *7-8.

In *Gray*, the plaintiffs filed claims against BMW for, among other things, breach of implied warranty in violation of the Song-Beverly Act arising from their purchase of vehicles with allegedly defective convertible tops. Defendants filed a motion to dismiss the implied warranty claim arguing that, at the time that plaintiffs filed suit, the express warranties on the plaintiffs' vehicles had expired and that the implied warranty was co-extensive with the express warranty. Plaintiffs argued that there were several unexpired warranties in effect when they filed their claims including a 12-year unlimited mile rust performance warranty, an 8-year/80,000-mile emission warranty, and a 7 year/70,000-mile California emission warranty, which should be considered for purposes of determining whether the implied warranty was still in effect. The Court rejected plaintiffs'

argument and dismissed their implied warranty claim. In doing so, the court held that "where, as here, the express warranties that have a greater duration cover a narrower range of the car's mechanical systems, plaintiffs' argument would render this careful delineation of the terms of the various express warranties mere surplusage by using the implied warranty of merchantability to extend all warranties to the duration of the longest of them." *Gray*, 22 F.Supp.3d at 385. The court also held as follows:

> Plaintiffs' argument that the Song-Beverly warranty of merchantability should bootstrap to the unexpired rust and emissions warranties is unpersuasive for the three reasons set forth in *Larsen*: (1) ***bootstrapping would render BMW's careful delineation of various warranties mere surplusage***; (2) bootstrapping would run contrary to the limited duration of the implied warranty of merchantability; and (3) Plaintiffs have not plead that the roof-top defect would render the cars unusable.

*Id*.

### E.  The Exhibits In Question Are Repair Orders Following The Expiration Of BMW NA's Manufacturer's Express Warranty

Plaintiff's Exhibit Nos. 19, 20, 22, 25, and 60 are all repair orders that occurred after the December 31, 2013 expiration of the manufacturer's express warranty:

| EXHIBIT NUMBER | DATE | MILEAGE |
|---|---|---|
| 19 | 9/26/16 | 69,146 miles |
| 20 | 12/9/16 | 70,394 miles |
| 22 | 8/28/18 | 82,983 miles |
| 25 | 11/24/18 | 85,207 miles |
| 60 | 1/2/20 | Mileage unknow at this time |

///

Plaintiff seeks to enter these exhibits into evidence because the repairs performed "were covered by emissions warranty". As detailed above, these repair orders should be barred because emissions warranties do not fall within the purview of Song-Beverly. This is a clear attempt to circumnavigate the Court's ruling on Motions in Limine and the exhibits in question should be barred from being entered into evidence.

### III.
### CONCLUSION

Emissions warranties do not fall within the purview of Song-Beverly. As such, the exhibits in question should be barred from being entered into evidence.

DATED: February 3, 2020

LEHRMAN LAW GROUP
KATE S. LEHRMAN
DANIEL R. VILLEGAS
ANDREW STEFATOS

By: /s/ Andrew K. Stefatos
Andrew K. Stefatos
Attorneys for Defendant
BMW OF NORTH AMERICA, LLC