1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FILED
CLERK, U.S. DISTRICT COURT

NOV 1 5 2021

CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LORENA GODINEZ,

                 Plaintiff,

      v.

BMW NORTH AMERICA, LLC,

               Defendant.

Case No. 2:17-cv-05072-FLA (RAOx)

**JURY INSTRUCTIONS**

1

### COURT'S INSTRUCTION NO. 1

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

## COURT'S INSTRUCTION NO. 2

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff Lorena Godinez claims her 2010 BMW 328iSA was delivered containing defects that substantially impaired the use, value, and safety of the vehicle and that even though she brought the defects to the attention of BMW NA's authorized repair facility, the defects could not be or were not repaired. Plaintiff also claims that BMW NA failed to promptly replace or buy back the vehicle as required under California's Song Beverly Warranty Act, and that BMW NA's failure to promptly replace or buy back the vehicle was "willful."

BMW NA contends that the subject 2010 BMW 328iSA was generally acceptable and fit for its ordinary purposes, and that there were no defects covered by the written warranty which were presented an unreasonable number of repair attempts. BMW NA further contends that the use, value or safety of the subject vehicle has not been substantially impaired. Finally, BMW NA contends that it acted in good faith in declining to repurchase the vehicle and that it has not willfully violated the law.

## COURT'S INSTRUCTION NO. 3

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits that are admitted into evidence;

3.    any facts to which the lawyers have agreed; and

4.    any facts that I may instruct you to accept as proved.

## COURT'S INSTRUCTION NO. 4

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1.    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses.  What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.    Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered.  In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4.    Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## COURT'S INSTRUCTION NO. 5

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purposes.

## COURT'S INSTRUCTION NO. 6

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

## COURT'S INSTRUCTION NO. 7

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

## COURT'S INSTRUCTION NO. 8

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    the opportunity and ability of the witness to see or hear or know the things testified to;

2.    the witness's memory;

3.    the witness's manner while testifying;

4.    the witness's interest in the outcome of the case, if any;

5.    the witness's bias or prejudice, if any;

6.    whether other evidence contradicted the witness's testimony;

7.    the reasonableness of the witness's testimony in light of all the evidence; and

8.    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

1         The weight of the evidence as to a fact does not necessarily depend on the

2  number of witnesses who testify.  What is important is how believable the witnesses

3  were, and how much weight you think their testimony deserves.

## COURT'S INSTRUCTION NO. 9

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the

1   case on your own.  Do not visit or view any place discussed in this case, and do not

2   use Internet programs or other devices to search for or view any place discussed

3   during the trial.  Also, do not do any research about this case, the law, or the people

4   involved—including the parties, the witnesses or the lawyers—until you have been

5   excused as jurors. If you happen to read or hear anything touching on this case in the

6   media, turn away and report it to me as soon as possible.

7        These rules protect each party's right to have this case decided only on evidence

8   that has been presented here in court.  Witnesses here in court take an oath to tell the

9   truth, and the accuracy of their testimony is tested through the trial process.  If you do

10  any research or investigation outside the courtroom, or gain any information through

11  improper communications, then your verdict may be influenced by inaccurate,

12  incomplete or misleading information that has not been tested by the trial process.

13  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the

14  case based on information not presented in court, you will have denied the parties a

15  fair trial.  Remember, you have taken an oath to follow the rules, and it is very

16  important that you follow these rules.

17       A juror who violates these restrictions jeopardizes the fairness of these

18  proceedings, and a mistrial could result that would require the entire trial process to

19  start over.  If any juror is exposed to any outside information, please notify the court

20  immediately.

21

22

23

24

25

26

27

28

12

## <u>COURT'S INSTRUCTION NO. 10</u>

I urge you to pay close attention to the trial testimony as it is given.  During deliberations, you will not have a transcript of the trial testimony.

## <u>COURT'S INSTRUCTION NO. 11</u>

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case.  Do not let notetaking distract you.  When you leave, your notes should be left in the jury room.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of other jurors.

## <u>COURT'S INSTRUCTION NO. 12</u>

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

## COURT'S INSTRUCTION NO. 13

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The Plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the Plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

## <u>COURT'S INSTRUCTION NO. 14</u>

The arguments of the attorneys are not evidence of damages.  Your award must be based on your reasoned judgment applied to the testimony of the witnesses and the other evidence that has been admitted during trial.

## <u>COURT'S INSTRUCTION NO. 15</u>

Members of the jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

## **COURT'S INSTRUCTION NO. 16**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## COURT'S INSTRUCTION NO. 17

The evidence you are to consider in deciding what the facts are consists of:

1.     the sworn testimony of any witness;

2.     the exhibits that are admitted into evidence;

3.     any facts to which the lawyers have agreed; and

4.     any facts that I may instruct you to accept as proved.

## COURT'S INSTRUCTION NO. 18

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1.   Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.   Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.   Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered.  In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4.   Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## COURT'S INSTRUCTION NO. 19

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

## COURT'S INSTRUCTION NO. 20

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

## <u>COURT'S INSTRUCTION NO. 21</u>

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.  the opportunity and ability of the witness to see or hear or know the things testified to;

2.  the witness's memory;

3.  the witness's manner while testifying;

4.  the witness's interest in the outcome of the case, if any;

5.  the witness's bias or prejudice, if any;

6.  whether other evidence contradicted the witness's testimony;

7.  the reasonableness of the witness's testimony in light of all the evidence; and

8.  any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## **COURT'S INSTRUCTION NO. 22**

You have heard testimony from Thomas Lepper and Luis Holguin who testified to opinions and the reasons for their opinions.  This opinion testimony is allowed, because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

## **COURT'S INSTRUCTION NO. 23**

All parties are equal before the law and a limited liability company is entitled to the same fair and conscientious consideration by you as any party.

## COURT'S INSTRUCTION NO. 24

A party may offer into evidence any oral or written statement made by an opposing party outside the courtroom.

When you evaluate evidence of such a statement, you must consider these questions:

1. Do you believe that the party actually made the statement? If you do not believe that the party made the statement, you may not consider the statement at all?

2. If you believe that the statement was made, do you believe it was reported accurately?

You should view testimony about an oral statement made by a party outside the courtroom with caution.

## COURT'S INSTRUCTION NO. 25

Lorena Godinez claims that BMW NA, failed to promptly repurchase or replace the 2010 BMW 328iSA after a reasonable number of repair opportunities. To establish this claim, Lorena Godinez must prove all of the following:

1. That Lorena Godinez bought a 2010 BMW 328iSA distributed by BMW NA;

2. That BMW NA gave Lorena Godinez a written warranty that included: (1) a new vehicle warranty covering any defects for 4 years or 50,000 miles, whichever occurred first; (2) an emissions warranty covering any defects in certain emissions-related parts for 8 years or 100,000 miles, whichever occurred first; and (3) a Super Ultra Low Emission Vehicle ("SULEV") warranty covering any defects in certain parts for 15 years or 150,000 miles, whichever occurs first;

3. That the vehicle had defects that were covered by the warranty and that substantially impaired its use, value, or safety to a reasonable person in Lorena Godinez's situation;

4. That Lorena Godinez delivered the vehicle to BMW NA or its authorized repair facility for repair of the defects;

5. That BMW NA or its authorized repair facility failed to repair the vehicle to match the written warranty after a reasonable number of opportunities to do so; and

6. That BMW NA did not promptly replace or buy back the vehicle.

It is not necessary for Lorena Godinez to prove the cause of a defect in the 2010 BMW 328iSA.

## <u>COURT'S INSTRUCTION NO. 26</u>

Each time the 2010 BMW 328iSA was given to BMW NA or its authorized repair facility for repair counts as an opportunity to repair, even if they did not do any repair work.

In determining whether BMW NA had a reasonable number of opportunities to fix the 2010 BMW 328iSA, you should consider all the circumstances surrounding each repair visit.  BMW NA or its authorized repair facility must have been given at least two opportunities to fix the 2010 BMW 328iSA.

## <u>COURT'S INSTRUCTION NO. 27</u>

In deciding whether a reasonable person would believe that the vehicle's defects, if any, substantially impaired the vehicle's use, value, or safety, you may consider, among other factors, the following:

(a)    The nature of the defects;

(b)    The cost and length of time required for repair;

(c)    Whether past repair attempts have been successful;

(d)    The degree to which the vehicle could be used while awaiting repair; and

(e)    The availability and cost of comparable transportation during the repairs.

## COURT'S INSTRUCTION NO. 28

The fact that Lorena Godinez continued to use the 2010 BMW 328iSA after delivering it for repair does not waive her right to demand replacement or reimbursement.  Nor does it reduce the amount of damages that you should award to Lorena Godinez if you find that she has proven her claim against BMW NA.

## COURT'S INSTRUCTION NO. 29

If you decide that BMW NA or its authorized repair facility failed to repair the defects after a reasonable number of opportunities, then Lorena Godinez is entitled to recover the amounts she proves she paid for the car, including:

1. The amount paid to date for the vehicle, including finance charges and any amount still owed by Lorena Godinez;

2. Charges for transportation and manufacturer-installed options; and

3. Sales tax, use tax, license fees, registration fees, and other official fees.

In determining the purchase price, do not include any charges for items supplied by someone other than BMW NA.

Lorena Godinez's recovery must be reduced by the value of the use of the vehicle before it was brought in for repair. BMW NA must prove how many miles the vehicle was driven between the time when Lorena Godinez took possession of the vehicle and the time when Lorena Godinez first delivered it to BMW NA or its authorized repair facility to fix the defect.

Multiply this mileage number by the purchase price, including any charges for transportation and manufacturer-installed options, and divide that amount by 120,000. Deduct the resulting amount from Lorena Godinez's recovery.

## COURT'S INSTRUCTION NO. 30

Lorena Godinez also claims additional reasonable expenses for registration, insurance, repair expenses, and maintenance for the 2010 BMW 328i SA.

To recover these expenses, Lorena Godinez must prove all of the following:

1. That the expense was actually charged;
2. That the expense was reasonable; and
3. That BMW of North America's breach of warranty or delay in offering to repurchase or replace was a substantial factor in causing the expense.

## COURT'S INSTRUCTION NO. 31

Lorena Godinez also claims registration, insurance, repair expenses, and maintenance as consequential damages.  To recover these damages, Lorena Godinez must prove all of the following:

1. That BMW NA's failure to repurchase or replace the 2010 BMW 328iSA within a reasonable number of attempts was a substantial factor in causing damages to her;

2. That the damages resulted from her requirements and needs;

3. That BMW NA  had reason to know of those requirements and needs at the time of the sale to Lorena Godinez;

4. That Lorena Godinez could not reasonably have prevented the damages; and

5. The amount of the damages.

## COURT'S INSTRUCTION NO. 32

Lorena Godinez claims that BMW NA's failure to repurchase or replace the vehicle after a reasonable number of repair attempts was willful and therefore asks that you impose a civil penalty against BMW NA. A civil penalty is an award of money in addition to a plaintiff's damages. The purpose of this civil penalty is to punish a defendant or discourage it from committing such violations in the future.

If Lorena Godinez has proven that BMW NA's failure was willful, you may impose a civil penalty against it. The penalty may be in any amount you find appropriate, up to a maximum of two times the amount of Lorena Godinez's actual damages.

"Willful" means that BMW NA knew of its legal obligations and intentionally declined to follow them. However a violation is not willful if you find that BMW NA reasonably and in good faith believed that such facts did not require repurchasing or replacing the vehicle.

## <u>COURT'S INSTRUCTION NO. 33</u>

BMW NA is not responsible for any harm to Lorena Godinez if BMW NA proves that the failure to match the written warranty was caused by unauthorized or unreasonable use of the 2010 BMW 328iSA after it was sold.

1

## <u>COURT'S INSTRUCTION NO. 34</u>

2      The arguments of the attorneys are not evidence of damages.  Your award must

3  be based on your reasoned judgment applied to the testimony of the witnesses and the

4  other evidence that has been admitted during trial.

## COURT'S INSTRUCTION NO. 35

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences was not to keep relevant information from you, but to decide how certain evidence was to be treated under the rules of evidence and to avoid confusion and error.

I may not have always granted an attorney's request for a conference. Do not consider my having granted or denied a request for a conference as any indication of my opinion of the case or of what your verdict should be.

## **COURT'S INSTRUCTION NO. 36**

The evidence that a witness testified differently at trial and at deposition may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give the testimony of the witness and for no other purpose.

## COURT'S INSTRUCTION NO. 37

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents or books, records, documents, or other evidence in the case.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

## <u>COURT'S INSTRUCTION NO. 38</u>

During the trial, you received deposition testimony that was read from the deposition transcript.  A deposition is the testimony of a person taken before trial.  At a deposition the person is sworn to tell the truth and is questioned by the attorneys. You must consider the deposition testimony that was presented to you in the same way as you consider testimony given in court.

## COURT'S INSTRUCTION NO. 39

A witness who was not testifying as an expert gave an opinion during the trial. You may, but are not required to, accept that opinion. You may give the opinion whatever weight you think is appropriate.

Consider the extent of the witness's opportunity to perceive the matters on which the opinion is based, the reasons the witness gave for the opinion, and the facts or information on which the witness relied in forming that opinion. You must decide whether information on which the witness relied was true and accurate. You may disregard all or any party of an opinion that you find unbelievable, unreasonable, or unsupported by the evidence.

## COURT'S INSTRUCTION NO. 40

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## COURT'S INSTRUCTION NO. 41

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.

Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the

45

truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

## <u>COURT'S INSTRUCTION NO. 42</u>

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

## <u>COURT'S INSTRUCTION NO. 43</u>

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

## COURT'S INSTRUCTION NO. 44

Members of the jury, you have advised that you have been unable to agree upon a verdict in this case. I have decided to suggest a few thoughts to you.

As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience. Each of you must decide the case for yourself, but only after you consider the evidence impartially with the other jurors. During your deliberations, you should not be unwilling to reexamine your own views and change your opinion if you become persuaded that it is wrong. However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of the other jurors or for the mere purpose of returning a verdict.

All of you are equally honest and conscientious jurors who have heard the same evidence. All of you share an equal desire to arrive at a verdict. Each of you should ask yourself whether you should question the correctness of your present position.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole. You should not single out any part of any instruction, including this one, and ignore others. They are all equally important.

You may now return to the jury room and continue your deliberations.

## COURT'S INSTRUCTION NO. 45

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings. Now that the case is over, you are free to discuss it with any person you choose. By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person.

If you do decide to discuss the case with anyone, I would suggest you treat it with a degree of solemnity in that whatever you do decide to say, you would be willing to say in the presence of the other jurors or under oath here in open court in the presence of all the parties.

Always bear in mind that if you do decide to discuss this case, the other jurors fully and freely stated their opinions with the understanding they were being expressed in confidence. Please respect the privacy of the views of the other jurors.

Finally, if you would prefer not to discuss the case with anyone, but are feeling undue pressure to do so, please feel free to contact the courtroom deputy, who will notify me and I will assist.