UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENA GODINEZ,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BMW OF NORTH AMERICA, LLC, et al.,<br><br>　　　　　　Defendants. | Case No. 2:17-cv-05072-FLA (RAOx)<br><br>**AMENDED JUDGMENT** |

　　　This action came for trial on November 9, 2021 in Courtroom 6B of the United States District Court for the Central District of California, the Honorable Fernando L. Aenlle-Rocha, United States District Judge, presiding.  Plaintiff Lorena Godinez ("Plaintiff") was represented at trial by Scot D. Wilson and Gregory Richard Mohrman.  Defendant BMW of North America, LLC ("Defendant" or "BMW) was represented at trial by Daniel R. Villegas and Andrew K. Stefatos.

　　　A jury of eight (8) persons was regularly empaneled and sworn.  Witnesses were sworn and testified.  After hearing the evidence and arguments of counsel, the jury was duly instructed by the court and the cause was submitted to the jury with directions to return a verdict.  The jury deliberated and thereafter returned to the court

its verdict, Dkts. 212, 213, unanimously finding the following:

1. Plaintiff Lorena Godinez bought a new 2010 BMW 328i SA distributed by BMW of North America, LLC (the "Subject Vehicle");
2. BMW of North America, LLC gave Plaintiff a written warranty;
3. The 2010 BMW 328i SA had defect(s) covered by the warranty that substantially impaired the vehicle's use, value, or safety to a reasonable buyer in Plaintiff's situation;
4. BMW of North America, LLC or its authorized repair facility failed to repair the 2010 BMW 328i SA to match the written warranty after a reasonable number of opportunities to do so;
5. BMW of North America, LLC failed to promptly replace or repurchase the 2010 BMW 328i SA;
6. Regarding damages, the purchase price of the vehicle itself was $6,000, incidental and consequential damages totaled $8,400, and the value of use was $377.80, resulting in total actual damages of $14,022.20.
7. BMW of North America, LLC willfully failed to repurchase or replace the new 2010 BMW 328i SA; and
8. A civil penalty in the amount of $28,044.40 was imposed.

On December 2, 2021, the court entered Judgment in Plaintiff's favor in the total amount of $42,066.60. Dkt. 219.

On December 28, 2021, Plaintiff filed a Motion for Judgment as a Matter of Law or, Alternatively, Amend the Judgment or for a New Partial Trial ("Motion"). Dkt. 224.

On December 12, 2022, the court granted in part Plaintiff's Motion and CORRECTED the jury verdict as follows:

- Paragraph 6(a), the purchase price of the Subject Vehicle was corrected to: $45,563.00
- Paragraph 6, Plaintiff's value of use was corrected to: $2,868.95.

2

- Paragraph 6, Plaintiff's total damages were corrected to: $51,094.05.

Dkt. 249 at 2. The jury verdict was otherwise unchanged. *Id.*

In light of Plaintiff's representation that she did not return the Subject Vehicle to BMW, but instead sold it as a trade-in while purchasing another vehicle, the court Ordered Plaintiff to file a declaration stating the amount of money or other value she received in exchange for trading in the vehicle. *Id.* at 10. Plaintiff responded on December 23, 2022, and presented evidence demonstrating she sold the Subject Vehicle for $4,400.00.[1] Dkt. 250-2.

///

---

[1] Plaintiff contends the California Court of Appeal held in *Figueroa v. FCA US LLC*, 84 Cal. App. 5th 708 (2022), that the Song-Beverly Act does not allow for offsets for trade-in credit, and requests this court hold likewise. Dkt. 250 at 3-13. In *Niedermeier v. FCA US LLC*, 56 Cal. App. 5th 1052, 1077 (2020), a separate panel of the California Court of Appeal held that the damages awarded by a jury in a Song-Beverly action must be reduced to reflect the value the plaintiff received for trading in the vehicle at issue. This court agrees with *Niedermeier*, and finds Plaintiff's damages must be reduced by the trade-in value she received when she sold the Subject Vehicle.

*Figueroa*, 84 Cal. App. 5th at 712, held that a jury award should not be reduced to reflect the cash received by the buyer on the sale of the vehicle, because California Civil Code § 1793.2(d)(2)(B) requires the manufacturer to "make restitution in an amount equal to the actual price paid or payable by the buyer…." The Song-Beverly Act, however, does not allow a buyer to retain a nonconforming vehicle after obtaining restitution from the manufacturer. *See* Cal. Unif. Com. Code § 2702(2)(a) ("After rejection any exercise of ownership by the buyer with respect to any commercial unit is wrongful as against the seller[.]"). The court, therefore, construes Plaintiff's conduct as acceptance of nonconforming goods as of the time she sold the Subject Vehicle. Pursuant to California Civil Code § 1794(b)(2), "[w]here the buyer has accepted the goods, Sections 2714 and 2715 of the Commercial Code shall apply…." California Uniform Commercial Code § 2714(2) states "[t]he measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount." Accordingly, the court finds Plaintiff's damages must be reduced by "the value of the goods accepted," in the amount of $4,400. *See* Cal. Unif. Com. Code § 2714(2).

3

THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED as follows:

1. The Judgment is AMENDED, such that Plaintiff shall recover from Defendant BMW of North America, LLC, the amounts of:
    a. $45,563.00 for the purchase price of the vehicle and $8,400.00 in incidental and consequential damages, minus $2,868.95 for the mileage offset/use of the vehicle and $4,400.00 for the sale and trade-in value she received, for a total of $46,694.05 in actual damages; and
    b. $28,044.40 in civil penalties.[2]
2. The total Amended Judgment is $74,738.45, with interest thereon at the rate of ten percent per annum from December 2, 2021, the date of entry of the Judgment, until paid.
3. This court shall decide all issues involving attorney's fees, costs, expenses, and prejudgment interest by post-judgment motions and order that an amended judgment be prepared for execution.

Dated: January 23, 2023

FERNANDO L. AENLLE-ROCHA
United States District Judge

---

[2] Defendant's request for the court to reduce the civil penalty is DENIED, as the jury awarded that amount of civil penalties before Plaintiff accepted or traded-in the nonconforming vehicle.

4